UNITED STATES of America,
Plaintiff–Appellee,

v.

Leonel LOPEZ–MERCADO, also known as Leonel L. Mercado, also known as Eder Lopez–Mercado, also known as Jesus Lopez–Valovinos, also known as Ivan Lopez–Mercado, Defendant–Appellant.

No. 03–50944
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, San Antonio, TX, for Plaintiff-Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, San Antonio, TX, for Defendant-Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Leonel Lopez–Mercado appeals the sentence imposed following his guilty plea

---

conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Lopez–Mercado contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. He argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Lopez–Mercado maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Lopez–Mercado acknowledges that his arguments are foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his arguments for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appel-lee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.